# In the United States Court of Federal Claims

| | |
|---|---|
| RASHID EL MALIK,<br><br>                        *Plaintiff,*<br><br>   v.<br><br>THE UNITED STATES,<br><br>                        *Defendant.* | No. 20-267 C<br><br>(Filed: April 8, 2024) |

Rashid El Malik, pro se, Palos Verdes Estate, CA.

Liridona Sinani, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
Dismissing for lack of subject-matter jurisdiction

**SILFEN,** *Judge.*

      Rashid El Malik, a veteran proceeding without an attorney, filed suit to enforce the terms of a contract between the United States Department for Veterans Affairs (VA) and Moderno, Inc. to provide adaptations to his house for his benefit. ECF No. 1. Mr. El Malik asserts that he is a third-party beneficiary to the contract and can enforce the government's failure to enforce Moderno's contractual obligations.

      This court lacks subject-matter jurisdiction over Mr. El Malik's complaint because Congress has provided an exclusive avenue for a veteran to raise concerns about VA benefits. And even if the court had jurisdiction, Mr. El Malik's complaint is that Moderna—not the government—has violated terms of the contract, so he has no basis to sue the government. This court **grants** the government's motion and **dismisses** Mr. El Malik's complaint for lack of subject-matter jurisdiction.

**I.    Background**

      Mr. El Malik is a service-disabled veteran receiving benefits through a VA program for independent living services under 38 U.S.C. §§ 3120, 2101(a), and 1717. ECF No. 1 at 5, 8 (pagination from the ECF header). Through the independent living program, the VA can enter into contracts for independent living services, including home improvements, for veterans who have

1

"a serious employment handicap resulting in substantial part from a service-connected disability." 38 U.S.C. §§ 3120(a), (b); 38 C.F.R. § 21.160. Under the program, Mr. El Malik and a program counselor executed an individual plan, which listed 13 objectives for improving his house. ECF 1-1 at 13-23. The plan stated that the "[v]eteran may not pay for or request upgraded materials, nor change the configuration of the project." *See, e.g.*, ECF No. 1-1 at 14. The government entered into a contract with Moderno, valued at $211,906.93, to make home improvements to help Mr. El Malik live safely in his home. ECF No. 83-1 at Appx11-12, Appx14. The VA amended the contract multiple times, for additional modifications to Mr. El Malik's house, eventually bringing the final value of the contract to $692,609.66. ECF No. 83-1 at Appx71, Appx73.

Mr. El Malik filed a claim with the VA under the Contract Disputes Act (CDA), asking that the responsible contracting officer require Moderno to "fully perform the contract." ECF No. 1 at 5-6, 10. The VA did not issue a decision. Mr. El Malik then filed an appeal with the Civilian Board of Contract Appeals, which the board dismissed because only contractors can appeal a contracting officer's decision. *El Malik v. Dep't of Veterans Affairs*, CBCA 6600, 20-1 BCA ¶ 37536, at 3 (CBCA Feb. 28, 2020), available at https://cbca.gov/files/decisions/2020/SOMERS_02-28-20_6600__RASHID_EL_MALIK%20(Decision).pdf. The board stated that Mr. El Malik "could be considered a third party beneficiary" and that "[a]lthough such third-party beneficiaries cannot seek recourse under the CDA, they may be able to utilize their third-party beneficiary status to seek damages in the Court of Federal Claims under the Tucker Act." *Id*. at 3-4. Mr. El Malik's claim remains pending in the VA system. *See El Malik v. McDonough*, Nos. 23-1684, 23-2279, 2024 WL 1109263 (Fed. Cir. Mar. 14, 2024). Shortly after the board's decision, Mr. El Malik filed a complaint in this court. ECF No. 1. He alleged that "[s]ome of the work performed is faulty and incomplete" (*id*. at 9) and requested that Moderno "be required to fully perform the contract" (*id*. at 6). Mr. El Malik also alleged that the unperformed contract violated his constitutional rights by "trap[ping] and essentially imprison[ing]" him in his home "in such a way as to constitute continuing cruel and unusual punishment for an intended beneficiary." *Id*. at 19.

On March 4, 2021, this court conducted a hearing and orally dismissed, for lack of subject-matter jurisdiction, Mr. El Malik's claims of nuisance, false imprisonment, and other torts, as well as any claims alleging cruel and unusual punishment under the Eighth Amendment. *See* ECF No. 24 at 4:18-5:4 (transcript); ECF No. 28 (written order memorializing the partial dismissal). The court held that "to the extent that [Mr. El Malik] is seeking review of his veteran's benefits determination, the Court does not have jurisdiction over the VA's denial of benefits" but that "[b]ecause [Mr. El Malik] is a direct intended beneficiary of th[e] contract, he may bring a claim for a breach of that contract." ECF No. 28 at 3. At that conference, Mr. El Malik listed his concerns with Moderno's performance under the contract, including that his interior elevator did not comply with the Americans with Disabilities Act (ADA) (ECF No. 24 at 8:4-13), the elevator door did not have a sensor to stop it from closing (*id*. at 10:22-11:8), the toilet was not ADA compliant (*id*. at 8:14-24), there was no manager on the construction site (*id*. at 12:24-13:3), the roof was not repaired after the installation of an exterior lift (*id*. at 25:13-19, 29:3-30:17), and Mr. El Malik had not been provided with a schedule of completion (*id*. at 12:22-24).

Between April and November 2021, the court held six more status conferences with the parties, where the government updated the court on the home improvements. ECF Nos. 31, 34, 38, 41, 44 and 52. In those conferences, Mr. El Malik described more problems with Moderna's contract performance. *See, e.g.*, ECF No. 34 at 12:9-11 (raising the issue of damage to a jacuzzi tub);

ECF No. 52 at 9:8-10:20 (requesting that the contractor repair the ceiling). In 2022, the contract between the VA and Moderno was officially closed. ECF No. 82-1 at 1 [¶3].

In May 2023, the court directed Mr. El Malik to file "a proposed amended complaint, under Rule [of the Court of Federal Claims (RCFC)] 15, articulating the damages that you set forth in your prior filing, but in the form of a formal amended complaint seeking a sum certain in monetary damages and breaking those damages down so that the Court can figure out whether or not there's jurisdiction and … what the damages are associated with each separate incident that you are claiming." ECF No. 79 at 4:22-5:4. Mr. El Malik filed a motion to amend his complaint. ECF No. 77. He did not attach a proposed amended complaint but did explain the claims he was proposing to add; the total relief requested is unclear. *Id.* at 4 (listing $225,000 for "items 6 through 12" but also "$335,000.00 and $565,900.00 … includ[ing] all of the first 12 items").

Throughout this case, the government has argued that this court does not have subject-matter jurisdiction over Mr. El Malik's claims based on the exclusive avenue of review that the Veterans' Judicial Review Act (VJRA, Pub. L. No. 100-687, 102 Stat. 4105) provides. *See* ECF Nos. 14 (motion to dismiss original complaint), 57 (renewed motion to dismiss), 72 (supplemental brief in support of the renewed motion to dismiss). The court denied the government's motions to dismiss on that ground, without prejudice, because an updated motion to dismiss would "have to follow the proposed amended complaint" the court ordered Mr. El Malik to provide. *See* ECF No. 79 at 7:5-12. The court has not resolved the pending motion to amend. ECF No. 77. In response to the motion to amend, the government renewed its argument that the court lacks subject-matter jurisdiction. ECF No. 83.[1]

## II.  Discussion

On a motion to dismiss under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If, at any time, the court determines that it lacks subject-matter jurisdiction over the action, it must dismiss the case. RCFC 12(b)(1), (h)(3); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Pro se plaintiff pleadings are held to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court therefore has discretion to examine the pleadings and record "to see if [a pro se]

---

[1] The case was assigned to Judge Williams throughout all of the relevant proceedings. It was reassigned to Chief Judge Kaplan on May 30, 2023 (ECF No. 81), and was reassigned to the undersigned on July 3, 2023 (ECF No. 88), after the government had filed its renewed motion to dismiss and after that motion was fully briefed (ECF Nos. 83, 86).

plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Nonetheless pro se plaintiffs still have the burden to meet the preponderance-of-the-evidence standard. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

Rule 15(a)(1) allows a party to amend a complaint once as a matter of right within 21 days after service of the complaint, service of an answer, or service of a motion, whichever is earlier. Otherwise, a party may "amend its pleadings only with the opposing party's written consent or the court's leave." RCFC 15(a)(2). A court may deny leave to amend when the proposed amendment shows "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if it would not survive a motion to dismiss." *Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd*, 702 F. App'x 988 (Fed. Cir. 2017).

### A.   This court does not have subject-matter jurisdiction over claims for veterans' benefits

The government argues that this court lacks subject-matter jurisdiction over Mr. El Malik's complaint, and that no amended complaint can remedy the problem, because the VJRA provides the exclusive avenue for review of a veteran's entitlement to benefits. ECF No. 83 at 18-21. The government adds that Mr. El Malik's claims "are challenges to the VA's implementation of his benefits under the [independent living] program, not contract-based claims" enforceable by a third-party beneficiary. *Id.* at 20-21.

Mr. El Malik argues that because he is the third-party beneficiary to a contract between the VA and the contractor, Moderno, he is "entitled to enforce the contract provisions and seek remedies for any breach thereof." ECF No. 85 at 1. He alleges that, due to the VA's failure to enforce the contract with Moderno, he has been deprived of items he was entitled to, including a replacement jacuzzi, a specific toilet, a new, larger interior elevator with a sensor, an electronic operating system for all automatic door openers, and a warranty on roof work. ECF No. 77 at 3-4.

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. 28 U.S.C. § 1491(a)(1). "Jurisdiction under the Tucker Act is exclusive in the Court of Federal Claims for claims above $10,000." *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, … and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

The court's Tucker Act jurisdiction is displaced "when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12 (2012). "Because a precisely drawn, detailed statute pre-empts more general remedies," a specific remedial scheme "supersedes the gap-filling role of the Tucker Act." *Bormes,* 568 U.S. at 12 (marks and internal citations omitted)).

The VJRA established a specific remedial scheme to review claims regarding veterans' benefits. *Prestridge v. United States*, 611 F. App'x 979, 982 (Fed. Cir. 2015) ("Congress created an elaborate, special remedial scheme to handle claims regarding veterans benefits."). That remedial scheme is "exclusive." *Kalick v. United States*, 541 F. App'x. 1000, 1001 (Fed. Cir. 2013). A challenge to a VA decision on veterans' benefits must be made at the Board of Veterans' Appeals, and those decisions are appealable only to the Court of Appeals for Veterans Claims and then the Federal Circuit, not to the Court of Federal Claims. *Id*. The VJRA states,

> The Secretary [of the VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511. "[C]ourts have construed § 511(a) … to preclude judicial review of decisions on veterans' benefits" outside the specific statutorily prescribed avenue of review. *Sindram v. United States*, 130 F. App'x 456, 458 (Fed. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

The VA administered the independent living program for Mr. El Malik under 38 U.S.C. § 3120. That law provides that the Secretary of the VA may promote a veteran's independent living, including by providing services "necessary to enable [a] veteran to achieve maximum independence in daily living." 38 U.S.C. § 3120(d). Mr. El Malik agrees that the VA administered the program. *See* ECF No. 1 at 8; ECF No. 1-1 at 2 ("Title 38 of the United States Code, (U.S.C.), Section 3120, is the statutory authority for the Secretary of Veterans Affairs to provide programs of independent living services and assistance."). Section 3120 further provides veterans under the program with "the same rights with respect to an individualized written plan of services … as are afforded veterans under section 3107 of this title." 38 U.S.C. § 3120(d). Those rights allow a veteran who does not agree to an individualized plan to submit his objections and request a review by the Secretary of the VA. 38 U.S.C. § 3107(c).

Mr. El Malik's individualized plan included installing a "wheelchair lift," installing an "ADA toilet," "raising the existing sunken tub to a height 6"-8" above the floor," installing "ADA door openers, [and installing] new opening switches on each side of the doors." ECF No. 1-1 at 4-6, 15-19. The Federal Circuit has held that similar services are benefits, requiring the exclusive avenue of review provided by 38 U.S.C. § 511(a). *Sindram*, 130 F. App'x at 457-58 (affirming a Court of Federal Claims determination that benefits administered under 38 U.S.C. §§ 3100-21 were unreviewable in this court); *see also Conyers v. United States*, No. 16-2816, 2018 WL 1157754, at *8 (E.D.N.Y. 2018) (holding that the district court lacked jurisdiction over claims stemming from the "denial of self-employment assistance benefits" under the Vocational Rehabilitation & Employment program, the same independent living program that Mr. El Malik participated in because of the exclusive remedial scheme of 38 U.S.C. § 511(a)); *Bentley v. Hilliard*, No. 16-2135R, 2018 WL 3004317, at *1 (C.D. Cal. May 16, 2018), *report and recommendation adopted*, No. 16-2135R, 2018 WL 2979486 (C.D. Cal. June 12, 2018) (explaining that the court did not have jurisdiction to review a veteran's claim against the government for extreme delay in

handling his rehabilitation plan because of 38 U.S.C. § 511(a)). The products and services of contractors who complete various projects promised by the VA qualify as "benefits" under the VA's regulations. 38 C.F.R. § 20.3(e).

Indeed, Mr. El Malik has pursued his claims through the prescribed statutory review process. *See generally El Malik v. McDonough*, Nos. 23-1684, 23-2279, 2024 WL 1109263, at *1 (Fed. Cir. Mar. 14, 2024) (affirming in part and dismissing in part Mr. El Malik's appeal from a decision of the Court of Appeals for Veterans Claims for "Mr. El Malik's claims for home modifications" involving, among other things, installing a wheelchair lift and automatic door openers); ECF No. 83 at 21-23. He understands that he has that avenue for review of his arguments about the VA's administration of his home-renovation project.

Other courts have likewise held that Mr. El Malik's claims regarding the VA's administration of his home-renovation project fall within the exclusive VJRA remedial scheme. The Ninth Circuit affirmed a district court's dismissal of Mr. El Malik's claims against the VA for "delays … in processing his claims for home adaptation benefits and in providing those benefits." *El-Malik v. United States*, 800 F. App'x 560, 561 (9th Cir. 2020). Because resolving Mr. El Malik's claims would have "require[d] the district court to determine whether the VA acted properly in handling El Malik's request for the benefits," the Ninth Circuit held that the VJRA withdrew jurisdiction from the district court. *Id*. (marks omitted). Likewise, the Federal Circuit has explained that the VJRA provided Mr. El Malik with the exclusive means for relief on a claim involving his home renovation, where Mr. El Malik alleged that the VA had improperly paid a contractor without ensuring that it had obtained required work permits or otherwise complied with municipal requirements. *El Malik v. Shulkin*, 684 F. App'x 961, 962, 965 (Fed. Cir. 2017) ("Mandamus is not available for a veteran to bypass other prescribed means for relief, such as seeking relief directly from the VA and appealing any adverse decision to the VA Board.").

Here, as in those Ninth and Federal Circuit cases, resolving Mr. El Malik's claims would require this court to determine whether the VA acted properly in handling Mr. El Malik's requests for benefits. That is something this court cannot do; it must be handled through the VA appeals process.

Mr. El Malik argues that this court has jurisdiction because he is a third-party beneficiary of the contract between the government and Moderno, giving him standing to sue. ECF No. 85 at 1. But when there is a "complex statutory scheme[ ] that offer[s] the plaintiff[] the potential of obtaining a financial benefit," a plaintiff cannot also "recover under a contract intertwined with that statutory scheme, claiming intended third-party beneficiary status." *Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F.3d 1041, 1058 (Fed. Cir. 2012). The VA often contracts with private companies to provide benefits to veterans. The existence of a contract between a private company and the VA does not allow a veteran who benefits to avoid the VJRA's review scheme. To hold otherwise would conflict with the review procedure that Congress created in the VJRA. Mr. El Malik may have Article III standing, but that does not give this court subject-matter jurisdiction over this case.

Mr. El Malik also argues that the VA violated provisions of the Federal Acquisition Regulations (FAR) in closing its contract with Moderno. ECF No. 85 at 1-2. That argument—that the VA acted unlawfully in administering a contract to provide Mr. El Malik with a benefit—is still


6

within the exclusive avenue of review of the VJRA. *See Sindram*, 130 F. App'x at 458 (explaining that, under *Johnson v. Robison*, 415 U.S. 361, 367 (1974), the VJRA prohibits review outside its exclusive statutory scheme of "decisions of law or fact arising in the administration of a statute providing for veterans' benefits").

Mr. El Malik also seeks to amend his complaint. ECF No. 77. Mr. El Malik proposes to add claims that the government breached a duty of good faith and fair dealing in its contract with Moderno. *Id.* at 2 ("The Defendant breached their duty of good faith and fair dealing."). That amendment still raises claims about Mr. El Malik's benefits under a VA program and is still subject to the VJRA's exclusive avenue of review. *See generally El Malik v. Shulkin*, 684 F. App'x at 965. "A proposed amendment is futile if it would not survive a motion to dismiss." *Marchena*, 128 Fed. Cl. at 330. Here, Mr. El Malik's proposed amendment would not overcome the jurisdictional problem the government has identified, so his requested amendment would be futile.

This court denied without prejudice the government's earlier motions to dismiss, where the government made the same arguments about the exclusive statutory review scheme.[2] Mr. El Malik argues that the government was required to reraise its arguments through a different vehicle, such as a motion under rule 60, rather than in a renewed motion to dismiss. ECF No. 85 at 2. But "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." RCFC 12(h)(3) (emphasis added). The statutory scheme of the VJRA preempts this court's Tucker Act jurisdiction, and this court cannot review Mr. El Malik's claims for benefits. While the delay since Mr. El Malik filed suit in 2020 is unfortunate, having recognized that the court lacks jurisdiction, it has no choice but to dismiss the suit, and the government's choice of vehicle to reraise the argument does not affect that outcome.

### B.     Mr. El Malik cannot enforce Moderno's contract performance as a third-party beneficiary

Even if the VJRA did not preempt this court's jurisdiction, Mr. El Malik could not act as a third-party beneficiary to enforce contract provisions between the government and Moderno.

Mr. El Malik states that this court "has already confirmed [his] status as a direct intended beneficiary of the contract" and that he is therefore "entitled to enforce the contract provisions and seek remedies for any breach thereof." ECF No. 85 at 1-2. He argues that the government's closing the contract, without conducting a "proper inspection," breaches FAR 4.804-4(C)(1). *Id.* at 1. The government responds that, even if Mr. El Malik was a third-party beneficiary, he has failed to plausibly allege that the *government* breached its contract with Moderno. ECF No. 83 at 25-26.

---

[2] While the court initially determined that it had jurisdiction under the Tucker Act, it never addressed whether the VJRA preempted the court's jurisdiction, contrary to Mr. El Malik's argument (ECF No. 85 at 3). Since the beginning, the court has acknowledged that it does not possess jurisdiction over veterans' benefits claims. ECF No. 28 at 3 ("[T]o the extent that Plaintiff is seeking review of his veteran's benefits determination, the Court does not have jurisdiction over the VA's denial of benefits, as a separate statutory scheme governs resolution of such claims and precludes this Court's jurisdiction."). After further briefing, the court decided that it would wait until seeing a motion to amend the complaint before deciding whether the VJRA precluded the court's jurisdiction. ECF Nos. 76, 79. The court has now read Mr. El Malik's motion to amend (ECF No. 77).

7

The government argues that Mr. El Malik cannot, in this suit against the government, argue that *Moderno* failed to perform its contractual obligations. *See* ECF No. 86 at 6.

To have standing to sue the government on a contract claim, a plaintiff must be in privity with the United States or must stand in the shoes of a party in privity with the United States. *Sullivan v. United States*, 625 F.3d 1378, 1379-80 (Fed. Cir. 2010). Mr. El Malik does not argue that he is in privity with the United States. Instead he argues that he can, as a third party, allege a breach of contract. ECF No. 85 at 4. But, as the government points out, Mr. El Malik is not arguing, and cannot plausibly argue, that the government breached its contract with Moderno. ECF No. 83 at 25-26. The government's obligation was to pay Moderno, and no one argues that the government failed to perform that obligation. Mr. El Malik is arguing that Moderno breached its contract with the government.

In *Sullivan*, the Federal Circuit held that, because the plaintiffs alleged that a contractor, not the government, was in breach, the plaintiffs were not standing the shoes of the contractor, and they could not raise a breach-of-contract claim. 625 F.3d at 1380-81.

Mr. El Malik argues that *Sullivan* addressed claims brought by incidental beneficiaries, not a "direct intended beneficiary." ECF No. 85 at 2. Mr. El Malik cites *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364 (1984) to support his argument that he "can hold the government accountable for its failure to ensure that Moderno fulfills its contractual obligations." *Id.* at 1-3. The Supreme Court in *Schneider* addressed a "narrow question of contract interpretation"— whether parties to collective bargaining and trust agreements must arbitrate disputes before going to court. 466 U.S. at 368. While the Court cited the "general rule" that a "promisor may assert against the beneficiary any defense that he could assert against the promisee if the promisee were suing on the contract," the Court also stated that the rule is "merely a rule of construction." *Id.* at 370. In *Schneider*, the government was not a party to any contract or agreement. The Supreme Court's opinion in *Schneider* does not affect *Sullivan's* applicability to this case.

Mr. El Malik states that he can enforce the contract clauses that the government has failed to enforce, including the FAR provision that prohibits a contracting officer from closing a contract that is in litigation or on appeal. ECF No. 85 at 3 ("In light of the alleged violation of the FAR regulations [§ 4.804(c)(1)] and the accompanying breach of contract, it is crucial to acknowledge that Mr. El Malik has properly alleged a breach of contract by the United States."). In *Sullivan*, the Federal Circuit explained that the government's failure to enforce a contract provision that it was entitled, but not obligated, to enforce was not a breach of contract. 625 F.3d at 1381. The government's decision not to enforce the terms of its contract with Moderno, including allowing the contract to be closed, is similarly not a breach of contract. Because Mr. El Malik has not plausibly alleged that the government breached its contract with Moderno, Mr. El Malik cannot bring a suit as a third-party beneficiary alleging such a breach.

### III.   Conclusion

For the reasons given above, this court lacks jurisdiction over Mr. El Malik's complaint and over his proposed amended complaint. Even if the court had jurisdiction, Mr. El Malik fails to state a claim for which relief could be granted. The court need not address the government's additional argument that the court cannot require specific performance.

The court therefore **denies** Mr. El Malik's motion to amend the complaint (ECF No. 77), **grants** the government's motion to dismiss (ECF No. 83), and **dismisses** this case. This court also **denies as moot** Mr. El Malik's motion to expedite (ECF No. 64) and **denies as moot** the motion for status of case service (ECF No. 89). The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

<div style="text-align:right">
 s/ Molly R. Silfen<br>
MOLLY R. SILFEN<br>
Judge
</div>